✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__SEAN CHRISTOPHER PETERSEN__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case     1:09 cr 06-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

X  (1) There is probable cause to believe that the defendant has committed an offense
   X  for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841 & 846__.
   ☐ under 18 U.S.C. § 924(c).
X  (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

X  (1) There is a serious risk that the defendant will not appear.
X  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____          _____
*Date*                                                       *Signature of Judge*
                                                  Dennis L. Howell, United States Magistrate Judge
                                                         *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 06-1

**UNITED STATES OF AMERICA,**

Vs.

**SEAN CHRISTOPHER PETERSEN.**

**ADDENDUM TO DETENTION ORDER**

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.   FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being MDMA, a/k/a ecstasy.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. Special Agent Tyler Lewis of the Department of Homeland Security testified that he had received information from an officer in Philadelphia that a large quantity of ecstasy was being forwarded to the defendant by Federal Express. Special Agent obtained a search warrant, went to the Federal Express office in Asheville, NC with a K-9 unit from the Asheville Police Dept. The canine which had been trained to detect the scent of controlled substances alerted upon a package that was addressed to the defendant and over 900 grams of ecstasy was found within the package. The ecstasy had a street value, in the opinion of Agent Lewis, of $225,000. The package was then resealed and delivered to the defendant. The defendant accepted the package and a short time later another search warrant for the search of the defendant's home was served and the package and controlled substance was found in the defendant's dwelling house.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in Chesapeake, VA. The defendant's employment is either as a musician-singer or as a representative and writer for a magazine. The defendant's financial resources are limited. The defendant has resided in Buncombe County, NC since February of 2007. The defendant's history relating to drug or alcohol abuse shows that the defendant has reported a history of use of alcohol, marijuana, cocaine, LSD, ecstasy and other controlled substances. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Possession of up to ½ oz marijuana | 08/22/01 |
| Sell of drugs on or near school property or a library, VA | 08/23/02 |
| Manufacture, sell, possession of a controlled substance, VA | 08/23/02 |
| Misdemeanor possession or distribution of controlled substance paraphernalia, VA | 01/07/05 |

The defendant's criminal history is as noted above.

The defendant's record concerning appearance at court appearances shows that there is an order for arrest that was issued in Dare County, NC for the arrest of the defendant on November 19, 2002 and the order for arrest is still outstanding.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. The court is unable to determine accurately whether or not the defendant is still subject to the terms and conditions of probation upon which he was placed on August 21, 2001 in Dare County, NC and therefore does not find that this factor exists.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The crime with which the defendant is charged creates a presumption that the release of the defendant would create a risk of flight on his part and the release of the defendant would create a risk of harm or danger to any other person or the community. This is a rebuttable presumption. The undersigned finds that the presumption has not been rebutted. The defendant has two previous felony convictions involving the distribution of controlled substances. He has two misdemeanor convictions involving controlled substances. The evidence shows the defendant had obtained over 900 grams of the drug ecstacy which had a street value of $225,000. This evidence shows that the defendant had not obtained the controlled substance for personal use but had obtained the drug for the purpose of sale. The defendant does not have any reportable income and that evidence shows that the defendant has been making his living selling and distributing controlled substances. The court finds by clear and convincing evidence that the release of the defendant would create a harm or danger to any other person or the community and would create a risk of flight on his part. These presumptions have not been rebutted. The undersigned has determined to enter an order detaining the defendant.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: March 16, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge